# Kramer's Estate.

*Decedents' estates — Executors and administrators — Accounts —Administration—Distribution—Mingling accounts—Surcharge.*

1. Where an executor fails to collect sound assets of a decedent's estate, nothing but payment by him or upon his account can properly relieve him of responsibility for such assets.

2. In filing accounts in the Orphans' Court, it is bad practice to mingle a distribution account with the administration account.

3. The only way in which distribution can safely be made, is in obedience to a decree of the court, on the audit of an account, or statement filed in the manner prescribed by law.

Argued Oct. 3, 1916. Appeal, No. 129, Oct. T., 1916, by Daniel Kramer, Administrator d. b. n. c. t. a. of the Estate of Jacob Kramer, deceased, from decree of O. C. Butler Co., Sept. T., 1909, No. 35, on petition for bill of review of an adjudication, in the matter of the Estate of Jacob Kramer, deceased. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Petition for bill of review of an adjudication. Before REIBER, P. J.

The opinion of the Supreme Court states the facts.

The court surcharged the executors of the estate of Frank X. Kohler, in the sum of $589.01. Daniel Kramer, Administrator d. b. n. c. t. a. of the Estate of Jacob Kramer, deceased, appealed.

*Error assigned* was the decree of the court.

*James E. Marshall,* with him *Thomas W. Watson,* for appellant.

*T. C. Campbell,* for Josephine Kappeler, Administratrix of Frank X. Kohler, deceased, appellee.

OPINION BY MR. JUSTICE POTTER, January 8, 1917:

This is an appeal from a decree of the Orphans' Court of Butler County, in which the administrators of the estate of Frank X. Kohler, who filed an account for him as executor of the last will and testament of Jacob Kramer, deceased, were surcharged with a portion only, of a sum, for the whole of which it was contended that the estate of Kohler was responsible. For good and sufficient reasons, the court below had granted the prayer of a petition for the review of a previous accounting. The record of the case as it is now before us, is difficult to understand. The complications are due largely to a mingling of the administration and the distribution accounts of the executor. In filing the administration account, credit was claimed and allowed for payments which had no place there, but which should have been reserved for the distribution account. And, as a matter of fact, it appears that payment of one considerable amount for which credit was thus taken, was never made. The court below found that Frank X. Kohler, as executor of the last will and testament of Jacob Kramer, was finally chargeable with the sum of $2,187.30, which was to be retained by him as trustee to be invested and the income therefrom to be paid to the widow of Jacob Kramer during her lifetime. As part of a larger sum, the fund came into the hands of Kohler, as executor, on March 5, 1909. He died within a month. His administrators filed an account for him on May 8, 1909, in which they improperly claimed credit for the amount of this fund upon the ground that it was to be paid over to another trustee to be appointed. As a matter of fact, it never was paid over, and the estate of Kohler was never properly relieved of responsibility for the fund. The trial judge plainly states in his opinion that the fund in controversy remained in the Kohler estate. One unfortunate result of this improper claim for credit for an amount which had not been paid out was to make the account show that Kohler had disbursed for the estate of Kramer more

money than he had collected. This was due apparently to the fact that he permitted too large a proportion of the purchase-money of certain real estate to remain in the hands of the purchasers who were also legatees under the will. This mistake would not have occurred had he collected the proceeds in the usual way and waited for the court to make distribution in regular order after the filing of the administration account. However, the widow of Jacob Kramer who had taken out letters of administration d. b. n. c. t. a. very obligingly came to the rescue of the former executor, and paid over to his administrators the sum of $1,589.29. Why she made this payment is not apparent. If overpayments to the legatees had been made by Kohler in adjusting the purchase-money for the real estate sold, the sums advanced should have been recalled from those who had received them. Nevertheless, the widow, Mrs. Kramer, did make this payment; and in so doing, the court below was of opinion that she was at fault, and did not properly protect the estate of her husband. He went further than that, and visited the result of the action of the administratrix upon the estate itself, by holding that, as the Kramer estate, as he put it, failed to protect itself by retaining this fund, its claim at the present time, should be reduced to that extent. We cannot agree with him in that view. The widow simply followed the finding of the auditor, which had been confirmed by the court. She had no reason at that time, in 1909, to suspect the financial condition of the Kohler estate. She supposed that she was aiding the settlement of her husband's estate by restoring to the executor a sum which, according to the account filed and confirmed, was due to him. She had the right to regard the payment as going into the fund which she knew was to be held during her lifetime to protect her dower interest, and was then to go to those entitled thereto under the will of her husband. Aside from all this, if the widow, as administratrix, was at fault, and by her conduct caused loss to the estate, it would be a

matter for which she would be chargeable in the settlement of her own account, and that question is not properly to be dealt with here. In any event, there is no reason why the estate of her husband should now be penalized by reason of her action. But that is just what the court below undertook to do, as it deducted the amount of this payment, $1,589.29, from the amount found to be in the hands of Kohler, executor, $2,187.30, and surcharged him only with the difference, $598.01. This was error. There was no reason for allowing any such credit to the estate of Kohler. Nothing but payment by him or upon his account could properly relieve him of responsibility for the funds of the Kramer estate which came into his hands. Kohler, as executor, had the undoubted right to receive the proceeds of the real estate which he was authorized to sell. Had he collected the full amount, and permitted the court to make distribution, and dealt in the same way with the other securities of the estate, there would have been no apparent overpayment by him, and this complication would not have arisen. The payment which was made to him or to his representative by the widow was doubtless the result of a family agreement to settle the matter in that way, but the receipt of that payment by the Kohler estate can in no possible way be permitted to operate as a credit to it, in partial discharge of the obligation of Kohler as executor, to account for the trust fund in his hands.

The assignments of error are sustained, and it is ordered and directed that the decree of the court below be modified so that instead of being surcharged with the sum of $598.01, the accountant shall be surcharged with the sum of $2,187.30, with interest thereon from January 27, 1914. The costs of this appeal to be borne by the appellee.